### 8703. ABRAHAM *v.* MALOOF & COMPANY.

1. The evidence authorized a finding against the plea of minority.
2, 3. The instructions to the jury upon which error was assigned were appropriate. There was no error in the rulings upon admission of testimony; and no merit in the other special grounds of the motion for new trial.
4. The verdict, being sustained by evidence and approved by the trial judge, can not be set aside.

DECIDED DECEMBER 13, 1917. REHEARING DENIED JANUARY 21, 1918.

Complaint; from Fulton superior court—Judge Ellis. January 13, 1917.

*John P. Haunson, Richard B. Russell,* for plaintiff in error.

*A. W. White, Moore & Branch,* contra.

WADE, C. J. 1. The finding of the jury against the plea of minority interposed by the defendant was not unauthorized. The evidence showed, that the defendant came to this country from Syria prior to the year 1911; that his mother resided in Atlanta,

Georgia, and he also made his headquarters there for some time, and during a period extending over "about four or five years" he saved up the sum of $1800, after paying for his board and clothes, which he testified was "my money," derived from a peddling business which he conducted "all over Georgia and Alabama" during the year 1912, and was doing business in his own name, buying goods from the plaintiffs in 1911 and 1912; that the plaintiffs knew he was under age, but "he bought goods in his own name, he was a grown man, and was doing business in his own name," and the goods were sold him in "that way;" that he decided of his own volition to go to Australia, and there he visited different relatives for a period of 10 or 11 months, and then went to Turkey, whence he returned to Atlanta, Georgia; that he was about 18 years old at the time he bought the goods from the plaintiffs, for the purchase-price of which the suit was instituted; and that his father was still "in the old country" (Syria). This evidence was uncontradicted, and there is nothing even remotely tending to show any want of permission by the father of the defendant to carry on the business as an adult,—which he conducted in his own name and without apparent interference on the part of any one, making contracts connected therewith and buying and selling, without let or hindrance, and handling and expending the money realized with his efforts in accordance with his own wishes and desires, and discontinuing such business and traveling across at least one half of the globe back to the home of his youth, with the knowledge of his mother and brother as well as of other relatives, from which the knowledge of his father (still lingering in the old world several thousand miles away from the scene of his activities in this country) may be also inferred; from all of which the jury was authorized to infer that he had engaged in and conducted the business as an adult with the permission of his father. Whether or not the defendant, after his arrival at full age, retained the goods or property received by him while a minor, or enjoyed the proceeds thereof, is immaterial in view of the above holding. See, in this connection (though the question is not precisely ruled on there), *Cooper* v. *Claxton*, 122 *Ga.* 599 (50 S. E. 399).

2. The court did not err in charging to the jury, in effect, sections 4233, 4234, 4235 of the Civil Code, as the instructions so

given were appropriate in view of the testimony at the trial and the deductions authorized thereby.

3. The court did not err in any of the rulings as to the admission of testimony; and the various remaining special grounds of the motion for a new trial are without substantial merit.

4. There was some evidence to sustain the finding of the jury in favor of the plaintiffs, notwithstanding testimony tending to support other defenses besides the plea of minority which we have dealt with above; and the verdict having been approved by the trial judge, this court can not set the same aside.

*Judgment affirmed.  Jenkins and Luke, JJ., concur.*